**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brighthouse Life Insurance Company, | No. CV-24-00870-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Lawrence Rudolph, | |
| Defendant. | |

Before the Court is Brighthouse Life Insurance Company's ("Brighthouse") Motion for Attorney Fees. (Doc. 26). The Court previously entered default judgment in favor of Brighthouse and allowed the filing of the present Motion. (Doc. 21 at 10–11). The Motion is unopposed and the time to file a Response has passed. *See* LRCiv. 7.2(c). Brighthouse seeks $71,419.50 in attorneys' fees, $3,522.74 in expenses, $2,022.48 for brokerage commission costs, and $3,200.00 for investigative costs.

## I.    Background

By prior order, the Court granted Brighthouse's Motion for Entry of Default Judgment against Lawrence Rudolph ("Defendant"), awarding Brighthouse $773,901.17 in compensatory damages and the premium payment of $1,232.67. This action centered around the validity of a life insurance policy bearing the policy number 214140755UT ("the Policy") that was issued to Defendant and which provided coverage on the life of his wife, Bianca T. Rudolph. (Doc. 26 at 2). In its initial complaint, Brighthouse sought declaratory judgment on eight counts

> (1) finding that the Policy was void at inception; (2) declaring that the Policy is void because it is an illegal contract; (3) declaring the Policy void because it is against public policy; (4) finding that Rudolph filed a fraudulent claim for the insurance death benefits; (5) establishing that Rudolph committed fraud; (6) finding that Rudolph made negligent misrepresentation; (7) holding that Rudolph breached a contract; and (8) finding that Rudolph breached the covenant of good faith and fair dealing.

(*Id.* at 3). Defendant has failed to appear or otherwise respond. (*Id.*) Brighthouse now seeks an award of $71,419.50 in attorneys' fees, $3,522.74 in expenses, $2,022.48 for brokerage commission costs, and $3,200.00 for investigative costs. (*Id*. at 13.).

## II.     Legal Standard

A party seeking attorneys' fees must show both that it is eligible for and entitled to the requested attorneys' fees and that the fees are reasonable. LRCiv 54.2(c). To establish eligibility and entitlement, a party must show that an award of fees is proper based on a "contract, an applicable statute, a finding that the losing party acted in bad faith, or other exceptional circumstances." *Sea-Land Serv., Inc. v. Murrey & Son's Co. Inc.*, 824 F.2d 740, 744 (9th Cir. 1987). Then, the party requesting attorney fees and costs must also show that the attorney's fees are "reasonable".

Brighthouse cites to A.R.S. §§ 12-341 and 12-341.01(A) as the means by which Brighthouse is establishing eligibility and entitlement to attorneys fees. A.R.S. § 12-341.01 reads in full: "The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341.01. "This language is mandatory; the superior court has no discretion to deny costs to the successful party." *Roddy v. Cnty. of Maricopa*, 184 Ariz. 625, 627, 911 P.2d 631, 633 (Ct. App. 1996). "Cost" is a term of art with a limited meaning and does not encompass everything a party used to obtain victory. *In re Nelson*, 207 Ariz. 318, 322, 86 P.3d 374, 378 (2004) (affirming cost is limited to 'taxable costs'). For civil cases in the superior court, the Court turns to A.R.S. § 12.332 for guidance. *Id.*

A.R.S. § 12-341.01(A) provides that "[i]n any contested action arising out of contract, express or implied, the court may award the successful party reasonable attorney's

fees." A.R.S. § 12-341.01(A). It does not "alter[], prohibit[] or restrict[] present or future contracts or statutes that may provide for attorney fees" and may not be construed as such. *Id.* Additionally, 12-341.01(A) also provides that the awarded fees "may not exceed the amount paid or agreed to be paid." Lastly, 12-341.01(C) affirms that "[t]he court and not a jury shall award reasonable attorney fees under this section." *Id.*

**III.    Discussion**

The Court will first address Brighthouse's Motion for Attorneys' fees, addressing eligibility, entitlement, reasonability, and any adjustments that may arise. The Court will then discuss Brighthouse's request for brokerage commission costs, investigate costs, and expenses.

**A. Attorneys' fees.**

The Court will first assess if the Plaintiff has established eligibility and entitlement to attorneys' fees. Then the Court will examine if the fees and hours requested are reasonable. Finally, the Court will examine if the fees need to be adjusted.

**1. Eligibility**

There are two criteria for eligibility under 12-341(A): "(1) the moving party must be the successful party and (2) the action must arise out of a contract. A party is successful if it accomplished the result sought in litigation." *Rindlisbacher v. Steinway & Sons Inc.*, 2021 WL 2434207, at *4 (D. Ariz. May 26, 2021), *aff'd sub nom. Rindlisbacher v. Steinway, Inc.*, No. 20-17331, 2021 WL 6067258 (9th Cir. Dec. 20, 2021) (internal quotations and citations omitted). Brighthouse was successful in their action against Defendant on or about August 25, 2023, when this Court entered Default Judgement in its favor. (Doc. 26 at 5). Plaintiff's claims arose out of a contract. (*Id*. at 5.) Plaintiff is therefore eligible. *Rindlisbacher*, 2021 WL 2434207 at *5.

**2. Entitlement**

Eligibility under A.R.S. § 12-341.01(A) alone is not sufficient to establish an entitlement to fees. *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 974 (9th Cir. 2011). Brighthouse asserts that because they were successful on all claims, they are

entitled to an award. (Doc. 26 at 6 ("A.R.S. § 12.341-01(A)[sic] provides for the recovery of attorneys' fees by the successful party in an action arising out of contract.")) The Court has discretion to determine the circumstances appropriate for the award of fees, guided by the factors in *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). *Harris*, 631 F.3d at 974. The factors are

> (1) the merits of the unsuccessful party's claims; (2) whether "[t]he litigation could have been avoided or settled;" (3) whether a fee award "would cause an extreme hardship;" (4) whether the successful party prevailed in full; (5) "the novelty of the legal question;" and (6) whether an award would overly deter others from asserting tenable claims or defenses.

*Rindlisbacher*, 2021 WL 2434207, at *6. When considering these factors, the Court should bear in mind the purposes of § 12-341.01, which includes:

> (1) mitigating "the burden of the expense of litigation to establish a just claim or a just defense;" (2) encouraging "more careful analysis prior to filing suit" by imposing the risk of paying the opposing party's attorneys' fees where legitimate settlement offers are rejected; and (3) promoting settlements and thus reducing caseloads involving contractual matters.

*Hall v. Read Dev.*, Inc., 229 Ariz. 277, 282, 274 P.3d 1211, 1216 (Ct. App. 2012), *as amended* (Apr. 26, 2012).

### a. The Merits of the Unsuccessful Party's Claim

The first factor, the merits of the unsuccessful party's claim, weighs in favor of Brighthouse. Defendant was personally served with Plaintiff's summons and complaint on May 10, 2024. (Doc. 9). The Court entered a default judgement in Brighthouse favor on all claims because Defendant failed to respond or defend himself. (Doc. 22 at 5,7). So, there are no merits to Defendant's claims. This factor therefore favors plaintiff.

### b. Whether the Litigation could have been Avoided or Settled

The second factor requires the court to consider "whether a non-litigation solution was not pursued that could have solved the problem and whether litigation was not necessary." *Kaufman v. Warner Bros. Ent. Inc.*, 2019 WL 2084460, at *8 (D. Ariz. May 13, 2019). In this case litigation was necessary for Brighthouse to receive the restitution.

- 4 -

### c. Whether a Fee Award Would Cause Extreme Hardship

The third factor requires evaluating if the fee award would cause extreme hardship. In most cases, the burden of proving financial hardship falls upon the party asserting financial hardship. *Woerth v. City of Flagstaff*, 167 Ariz. 412, 420, 808 P.2d 297, 305 (Ct. App. 1990). Defendant, who is presently incarcerated, has provided no such evidence, and this factor therefore weighs in favor of Brighthouse. *See Rindlisbacher*, 2021 WL 2434207 at *8 (finding vague evidence insufficient to claim financial hardship.)

### d. Whether the Successful Party Prevailed in Full

The fourth factor, whether the successful party prevailed in full, weighs in favor of awarding attorney's fees. The Court granted Brighthouse a default judgment on all counts. (Doc. 22 at 10). The fourth factor therefore supports awarding attorney's fees. *See Kaufman*, 2019 WL 2084460 at *9.

### e. The Novelty of the Legal Question

"This factor will weigh against awarding attorneys' fees if a claim is novel or has not previously been adjudicated." *Kaufman*, 2019 WL 2084460 at *10. Plaintiff here pursues a declaratory judgement regarding a breach of contract and fraud claim. (Doc. 22 at 2). This claim is not, fundamentally, novel and weighs in favor of awarding attorneys' fees.

### f. Whether an Award would Overly Deter Other From Asserting Tenable Claims or Defenses.

The sixth factor is concerned with the potential chilling effect excessive attorneys' fees may have. "While the purpose of the [attorneys' fees] statute is to compensate the defendant for the burden of the cost of a just defense, awarding fees could have a collateral benefit of chilling this kind of meritless and costly litigation." *Kaufman*, 2019 WL 2084460 at *10 (internal quotes omitted). The burden of proving such a chilling effect rest on the opposing party, and Defendant has offered no evidence to this effect. *See Indus. Park Ctr. LLC v. Star Fisheries Inc.*, 2025 WL 2558545, at *20 (D. Ariz. Aug. 14, 2025).

### g. Conclusion of the *Warner* factors.

Considering the purposes of § 12-341.01 (A) and the *Warner* factors, the Court

concludes that Brighthouse is entitled to attorneys' fees.

### 3. Reasonableness

After concluding that the moving party is both eligible and entitled to attorneys' fees, the Court must next determine whether the requested fee award is reasonable. Brighthouse requests $71,419.50 in fees. When considering whether fees are reasonable under § 12-341.01, courts generally employ the "lodestar method," which has been adopted as the centerpiece of attorney's fee awards. *Kaufman*, 2019 WL 2084460, at *11. Courts first determine an initial "lodestar calculation" by multiplying the hours reasonably expended on the litigation times a reasonable hourly rate. *Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S. Ct. 939, 945, 103 L. Ed. 2d 67 (1989). This figure may be adjusted by other factors, such as the thirteen factors listed in LRCiv 54.2(c)(3). These thirteen factors are:

> (A) The time and labor required of counsel;(B) The novelty and difficulty of the questions presented; (C) The skill requisite to perform the legal service properly; (D) The preclusion of other employment by counsel because of the acceptance of the action; (E) The customary fee charged in matters of the type involved; (F) Whether the fee contracted between the attorney and the client is fixed or contingent; (G) Any time limitations imposed by the client or the circumstances; (H) The amount of money, or the value of the rights, involved, and the results obtained; (I) The experience, reputation and ability of counsel; (J) The "undesirability" of the case; (K) The nature and length of the professional relationship between the attorney and the client; (L) Awards in similar actions; and (M) Any other matters deemed appropriate under the circumstances.

LRCiv 54.2(c)(3). Pursuant to LRCiv 54.2(d), Defendants submitted with their Motion a statement of consultation (Doc. 26-7), a tasked based itemized list of expenses (Doc. 26-4, 26-6), an affidavit of moving counsel (Doc. 26-3, Doc. 26-5), an affidavit from the Claims director (Doc. 26-1), and an invoice from Diligence International Group (Doc. 26-2). As Defendant established its entitlement to fees and Plaintiff did not contest that the requested fees were unreasonable, the Court concludes that an award of $60,605 in attorneys' fees and costs is reasonable as set forth below.

### a. Reasonable Hourly Rate.

To determine the lodestar amount, the Court first must determine if the hourly rates

submitted by defendants are appropriate. *See, e.g. Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983). Plaintiff requests $71,419 dollars. (Doc. 26 at 7). Plaintiff's counsel also incurred $3522.74 in expenses. This request includes a lodestar amount of $71, 419.50 representing 51.9 hours billed at $385 an hour by Michelle J. d'Arcambal; 3.5 hours billed at $375 an hour by Stephen M. Bressler and Ryan Pont (*Id.* at 8; Doc. 26-5 at 2–3); and an additional 114 hours by Tiffany C. Millioen, Andrew Jacobsohn, and Travis Reynolds at an hourly rate of $345, $335, and $340 respectively (Doc. 26-3 at 5; Doc. 25 at 4); and 9.2 hours billed at $125 an hour by DOCB paralegals. This work involved legal research, analyzing the factual grounds for the Complaint, analyzing the Company's claims, developing and executing legal strategies, and writing and filing motions. No objection was made by Defendant's to this billable rate, and the Court concludes the rates are reasonable. *See Schjweiger*, 673 P.2d at 931 ("the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case.").

### b. Reasonable Hours Expended.

Having determined the hourly fees to be reasonable, the court must now determine the reasonableness of the hours expended defending the case. *See Schweiger*, 673 P.2d at 932. "The prevailing party [. . .] is 'entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit' of a successful appeal." *Id.* The affidavit provided by counsel "should indicate the type of legal services provided, the date the service was provided, the attorney providing the service (if more than one attorney was involved in the appeal), and the time spent in providing the service." *Id.* The Court may reduce a fee award for hours unreasonably expended. *See id.* ("Just as the agreed upon billing rate between the parties may be considered unreasonable, likewise, the amount of hours claimed may also be unreasonable.").

Plaintiff asserts that 179.6 hours have been spent on this litigation.[1] In support of

---

[1] Plaintiff cites to Doc. 26-3 at ¶¶ 9, 23 to support this calculation. The Court notes that both paragraphs state the number of hours was 201.6, including 22 hours to prepare the

the pending motion, Plaintiff submitted billing entries from DOCB and Womble Bond Dickinson that "indicate the type of legal services provided, the date the service was provided, the attorney providing the service (if more than one attorney was involved in the appeal), and the time spent in providing the service." *Schweiger*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983). Both Ms. d'Aramble and Mr. Stephen Bressler's affidavits declare that the attached itemization was generated at their direction from their firm's contemporaneous billing records and shows an accurate account of the time spent and billed to the Company on this matter. (Doc. 26-3 at 3; Doc. 26-5 at 2). Defendant does not object to these hours.

The Court must also determine if any of the submitted records include entries that could not reasonably be billed to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). The court may "conduct an hour-by-hour analysis of the fee request, and exclude those hours for which it would be unreasonable to compensate the prevailing party." *Id.* (internal quotes omitted). "Tasks that are clerical in nature are not recoverable as part of a reasonable fee award." *Rindlisbacher*, 2021 WL 2434207, at \*12. Clerical tasks include: filing, document organization, reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, corresponding regarding deadlines, docketing, and downloading files. *Rindlisbacher*, 2021 WL 2434207, at \*12; *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (affirming that filing and document organization are clerical tasks); *Robinson v. Plourde*, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) ("Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable."). In the bills provided, the Court notes several instances of apparent clerical work:

1. 08/02/2024, Ms. Millioen communicated with chambers concerning submission of proposed order for .2 hours.

motion for attorneys' fees. Plaintiff appears, however, to come to their fee request by adding the total amount in Doc. 26-4 to the total in 26-6 (66,331+5088.5=71,419.5). Plaintiff has therefore asked for fees including the preparation for this Motion and discounted the hours spent preparing this Motion. The Court will proceed with only the hours spent on *litigation* in Plaintiff's Motion.

- 8 -

2. 08/20/2024, Ms. Millioen communicated with the court concerning proposed order in connection with motion for extension of time for .1 hours.
3. 5.2 hours of Fiona Stewart communicating with the court regarding transcripts, organizing deadlines, filing an affidavit of service, preparing courtesy copies of filed pleadings, preparing and filing notices, and preparing and sending relevant letters.
4. 4 hours on 04/01/2024 and 09/04/2024 of Shannon Bligh reviewing and redacting exhibits in preparation for filing and reviewing, revising, and filing motion for default respectively.

These clerical hours will be removed from the reasonable hours for the lodestar calculations. The total hours after adjusting for hours spent on clerical work is 170.1 hours (51.9+103+3.8+1+9.1+.7).

### c.  Lodestar Calculation

After removing the clerical hours, the Court finds that the lodestar amount is $60,605. This proceeds from the following calculation:

DOCB

d'Arcambal, Michelle (51.9 x 385) = 19,981.5

Millioen, Tiffany (103 x 345) = 35,535

Total (19,981.5+35,535): 55,516.50

Womble Bond Dickinson

Stephen M. Bressler (3.8 x 375[2]) = 1,425

Andrew Jacobsohn (1 x 335) = 335

Travis Reynolds (9.1 x 340[3]) = 3,094

Ryan Pont (.7 x 335[4]) = 234.5

Total (262.5+335+3048.5+1425): 5,088.50

---

[2] Stephen M. Bressler's affidavit failed to provide a rate for his services. (Doc. 26-5 at ¶8). The Court has calculated Stephen M. Bressler's rate by dividing his billed hours by the amount billed.
[3] Travis Reynolds rate in the Declaration is listed as 335. (Doc. 26-3 at ¶9). However, this does not match the billing record provided. For example, for 2 hours of work, Reynolds received 680 dollars. (Doc. 26-6 at 1). The Court has decided to proceed with the billing statement instead of the declaration for this calculation.
[4] Ryan Pont's hourly billing rate is listed in the affidavit as $375. (Doc. 26-3 at ¶10). However, he charged $234.5 for .7 hours of work. (Doc. 26-6 at 2). 234.5 divided by .7 results in an hourly rate of 335. The Court will proceed with this figure.

Total: $60,605

**4. Whether the Award Should Be Adjusted or Enhanced.**

The lodestar figure is the presumptive fee award. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001). The Court may, "if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* LRCiv. 54.2 presents the following non-exhaustive list of factors:

> (A) The time and labor required of counsel; (B) The novelty and difficulty of the questions presented; (C) The skill requisite to perform the legal service properly; (D) The preclusion of other employment by counsel because of the acceptance of the action; (E) The customary fee charged in matters of the type involved; (F) Whether the fee contracted between the attorney and the client is fixed or contingent; (G) Any time limitations imposed by the client or the circumstances; (H) The amount of money, or the value of the rights, involved, and the results obtained; (I) The experience, reputation and ability of counsel; (J) The "undesirability" of the case; (K) The nature and length of the professional relationship between the attorney and the client; (L) Awards in similar actions; and (M) Any other matters deemed appropriate under the circumstances.

LRCiv 54.2(c)(3). Brighthouse analyzes twelve of these factors in depth. (Doc. 26 at 9–12). Several of these factors are essentially incorporated into the lodestar calculation of hours and fees: the time and labor required of counsel; the novelty and difficulty of the questions presented; the skill requisite to perform the legal service properly; the customary fee charged in matters of the type involved; and the experience and reputation of counsel. LRCiv 54.2(c)(3)(A), (B) (C), (E), (I); *see Gary v. Carbon Cycle Arizona LLC*, 398 F. Supp. 3d 468, 491 (D. Ariz. 2019). Each of these factors contributed, primarily, to the hours spent on and the fees charged for the litigation, which have already been found reasonable. The Court will address the remaining factors now.

1. *Fixed or Contingent Fee*: Brighthouse counsel tracked hours in tenth of the hour increments. (Doc. 26 at 11).
2. *Time Limitations*: Brighthouse represents no particularly pressing time limitations, only a desire to have the matter resolved as efficiently as possible. (*Id.*)
3. *Value of the Rights Involved and the Results Obtained*: Brighthouse contends that "the value of the rights involved in ensuring that life insurance policies are not procured by individuals scheming to obtain life insurance and later murder the insureds in order to obtain the death benefits is immeasurable." (*Id.*). The Court

agrees that Brighthouses investment of time and resources to void this policy was necessary and justified.

4. *Nature and Length of the Relationship between Attorney and Client*: Brighthouse notes that the relationship between it and DOCB is both long and significant and makes the fees more likely to be reasonable. (*Id*. at 12).

5. *Awards in Similar Actions*: Brighthouse presents a number of cases with similar ranges for a default judgment in a breach of contract case. Upon review, these cases appear analogous to the present one. (*Id*.)

### 5. Total Attorneys' Fee Award

The Court, having considered the potential adjustment factors, sees no reason to reduce the attorneys' fees awarded. The total attorneys' fee awarded will therefore be $60,605, allocated in section 3(c) *supra*.

### B. Investigative, Expenses, Brokerage Costs

Brighthouse asks the Court to award it investigative, expenses, and brokerage commission costs as part of its Motion. (Doc. 26 at 13). Brighthouse does not provide an independent citation for this recovery, so the Court will proceed under 12-341.01. While the plain text of § 12-341.01 indicates that all costs are recoverable, "cost" is a term of art with a limited meaning. *In re Nelson*, 207 Ariz. 318, 322, 86 P.3d 374, 378 (2004). For civil cases in the superior court, the Court turns to 12-332 for guidance. *Id.* A.R.S. § 12-332(A) includes the following as costs:

> 1. Fees of officers and witnesses. 2. Cost of taking depositions. 3. Compensation of referees. 4. Cost of certified copies of papers or records. 5. Sums paid a surety company for executing any bond or other obligation therein, not exceeding, however, one per cent on the amount of the liability on the bond or other obligation during each year it was in force. 6. Other disbursements that are made or incurred pursuant to an order or agreement of the parties.

Any recovery of costs or expenses must fall within these categories. Courts have recognized that only these taxable expenses are recoverable under § 12-341. *Ahwatukee Custom Ests. Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 107 (Ariz. 1999) (affirming that expenses outside of § 12-332, such as photocopying, long distance telephone calls, messenger and delivery charges, and telecopier or fax chargers are not recoverable under § 12-341 nor as part of attorneys' fees). Attorneys' fees "should reimburse the attorney or

surrogate for his or her legal training and knowledge as it relates to the legal services rendered to, or on behalf of, a particular client." *Id.* at 109.

Of the expenses itemized in Doc. 26-4, the $36.44 spent on delivery services cannot be recovered. *Id.* at 107. While deposition transcripts are includable as part of § 12-332(A)(2), trial and evidentiary transcripts are not recoverable. *See Cyprus Bagdad Copper Corp. v. Arizona Dep't of Revenue*, 935 P.2d 923, 925 (Ariz. Ct. App. 1997)(affirming that transcript of a hearing before tax court is not recoverable); *see also EMP Forwarding LLC v. Prieto,* 2020 WL 1684024, at *7 (Ariz. Ct. App. Apr. 7, 2020) ( affirming evidentiary and trial recordings are generally not recoverable under 12-332(A)). The $2898 spent on the trial proceedings transcript from Colorado is not recoverable. *See Cyprus Bagdad Copper Corp.,* 935 P.2d at 925 (affirming that transcript of a hearing before tax court is not recoverable). The $183.3 spent on service of process is includable, falling under 12-332(A)(1). *Orosco v. Maricopa Cnty. Special Health Care Dist.*, 390 P.3d 375, 377 (Ariz. Ct. App. 2017), as amended (Feb. 6, 2017)( affirming that "a private process server plainly is defined as an 'officer of the court'"). Lastly, the $405 in mandatory filing fees are recoverable under § 12-332(A)(6). *Thiele v. City of Phoenix*, 301 P.3d 206, 210 (Ariz. Ct. App. 2013) (affirming that mandatory filing fees are a form of court order). Brighthouse's recoverable expenses are therefore $588.30. (405+183.3).

Brighthouse has not indicated that the brokerage commission costs or investigative costs were paid "pursuant to an order or agreement of the parties." A.R.S. § 12-332. Investigative costs have consistently been held as not recoverable under § 12-341. *See Id.; see also CenTrust Mortg. Corp. v. PMI Mortg. Ins. Co.,* 800 P.2d 37, 46 ( Ariz. Ct. App. 1990) (affirming that investigative costs are not recoverable under 12-341); *see also Martinez v. Blake*, No. 1 CA-CV 23-0398, 2024 WL 1578693, at *7 (Ariz. Ct. App. Apr. 11, 2024), review denied (Oct. 15, 2024)(affirming that costs for a private investigator are not recoverable under 12-341). Brighthouse's only basis for recovery is under § 12-341. Neither brokerage commission costs nor investigative costs are recoverable under § 12-341. Therefore, the Court will not award recovery of either of these costs.

Accordingly,

**IT IS HEREBY ORDERED** that Brighthouse's Motion for Attorneys' Fees (Doc. 26) is **GRANTED**.  The Court approves an award in the amount of $60,605.00 in attorneys' fees and $588.30 in expenses to Brighthouse.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

Dated this 25th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge